IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KIMBERLY KILPATRICK,

                        Plaintiff,                        ORDER

   v.

                                                    09-cv-393-bbc

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                        Defendant.

---

      In this case, plaintiff Kimberly Kilpatrick seeks reversal of a final decision of the Commissioner of Social Security denying her application for supplemental security income. Plaintiff suffers from paranoid schizophrenia. She is proceeding *in forma pauperis* and without a lawyer. This case has proceeded slowly because plaintiff has failed to file a brief in support of her claim even though this court has given her numerous opportunities to do so and has given her a general outline of the issues she should address in her brief. The bulk of plaintiff's submissions to date have consisted of her assertion that she has spoken to numerous lawyers, all of whom say they will not take her case. In plaintiff's most recent submission, she asserts that she "doesn't have a clue" how to go about filing a brief. According to plaintiff, while this case has been pending she has been awarded social security benefits on an application different from the one at issue in this case.

      In theory, this court could review the administrative record on its own and determine whether substantial evidence supports the commissioner's decision in this case that plaintiff is not disabled. However, to do so without getting an overview of the important evidence or any arguments as to how the administrative law judge erred is a burdensome task for the court and not entirely fair to defendant, who would be forced to defend this case in a vacuum. Because

plaintiff's filings strongly suggest she is unable to litigate effectively this case on her own, and this case would proceed much more efficiently with counsel, I will stay all further proceedings in this case temporarily in order to locate a lawyer who is willing to represent plaintiff.

A lawyer accepting appointments in cases such as this take on the representation with no guarantee of compensation for his or her work. Plaintiff should be aware that in any case in which a party is represented by a lawyer, the court communicates only with counsel. Thus, once counsel is appointed, the court will no longer communicate with plaintiff directly about this case. Plaintiff will have to communicate directly with her lawyer about any concerns and allow the lawyer to exercise his or her professional judgment to determine which matters are appropriate to bring to the court's attention and what motions and other documents are appropriate to file. If I find counsel willing to represent plaintiff, I will advise the parties of that fact and set a new scheduling conference.

## ORDER

It is ORDERED that further proceedings in this case are STAYED pending appointment of counsel for plaintiff.

Entered this 3rd day of February, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge